# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KEITH B. LAGGOS, )<br>)<br>Defendant, )<br>) | Civil Action<br>No. 3:17CV150-GCM |

## FINAL JUDGMENT AS TO DEFENDANT KEITH B. LAGGOS

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Keith B. Laggos having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(b) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(b)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from (i) directly or indirectly participating in, or facilitating, the solicitation of any investment in any security or in the offering of any security, and (ii) publishing, giving publicity to, or circulating, any notice, circular, advertisement, newspaper article, letter, investment service, or communication describing a security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter or dealer; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national exchange for his own personal account.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall disclaim and relinquish all legal and equitable right, title, claim, or interest in Rex Venture Group LLC, including: all subsidiaries, whether incorporated or unincorporated; all businesses or business names under which it does business and; and all assets in Rex Venture Group LLC's possession, custody or control, including assets held in accounts in any financial institution.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable to the Commission for disgorgement of $36,937.50, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,316.68, and a civil penalty in the amount of $36,937.50 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], for a total of $79,191.68.

Such payments, in accordance with the schedule set forth below in Section VI, shall be: (A) made by United States postal money order, certified check, bank cashier's check or bank money order; (B) made payable to Kenneth Bell, Esq., court-appointed Receiver for Rex Venture Group LLC d/b/a ZeekRewards.com; (C) hand-delivered or mailed to Kenneth Bell, Esq., McGuire Woods, LLP, 201 North Tryon Street, Charlotte, NC 28202-2146; and (D) submitted under cover letter identifying the case title, civil action number, and name of this Court; identifying Laggos as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of his cover letter and evidence of payment to the Commission's counsel in this action: Brian M. Privor, Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Mail Stop 5546, Washington, DC, 20549-5546. By making these payments, Defendant relinquishes all legal and

equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, a Fair Fund is created for distributing to injured ZeekRewards investors the disgorgement, interest, and penalties described above. The Court shall retain jurisdiction over the administration of any distribution of the Fair Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall move the Court to send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that [it, he, she] is entitled to, nor shall [it, he, she] further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

**VI.**

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $79,191.68 in 4 installments according to the following schedule: (1) $10,000.00, within 10 days of entry of this Final Judgment; (2) $23,000, within 180 days of entry of this Final Judgment; (3) $23,000 within 270 days of entry of this Final Judgment; and (4) $23,191.68 (plus any remaining accrued interest) within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Receiver and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 2 of March, 2017

*Graham C. Mueller*
UNITED STATES DISTRICT JUDGE